AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

FILED by _____ D.C.

APR 2 6 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| TONY ACREUS | ) | Case No.  13-8231-JMH |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 16, 2013_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC Sections 1326(a) and (b)(2) | Illegal reentry after deportation. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

SCOTT STACY, Border Patrol Agent, CBP
Printed name and title

*I find probable cause.*

Sworn to before me and signed in my presence.

Date: 4/26/13

_____
Judge's signature

City and state: _____West Palm Beach, FL_____

U.S. Magistrate Judge James M. Hopkins
Printed name and title

**AFFIDAVIT**
**OF**
**AGENT SCOTT STACY**
**DEPARTMENT OF HOMELAND SECURITY**
**CUSTOMS and BORDER PROTECTION**
**Case No. 13-8231-JMH**

I, Scott Stacy, being duly sworn, depose and state:

      1.      I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for more than fifteen (15) years.  I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida.  The station is located in the Southern District of Florida.

      2.      As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally.  I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means.  I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

      3.      This affidavit is based upon an ongoing investigation.  The information herein is further based on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A******202, court documents and reports, and interviews of Defendant.  The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of CBP.  I have not included in this affidavit each and every fact and circumstance known to me, but only the

facts and circumstances that I believe are sufficient to establish probable cause that Tony ACREUS has committed a violation of Title 8, United States Code, Section 1326(a) and (b)(2), illegal re-entry into the United States after deportation of an aggravated felon.

4.     On April 16, 2013, at approximately 1:00 a.m., Border Patrol Agents were conducting surveillance of the Atlantic Ocean coastline in the vicinity of the North Palm Beach-Singer Island area, Palm Beach County, in the Southern District of Florida.

5.     With the assistance of a surveillance device, one of the aforementioned agents began tracking a target of interest (TOI) that was approximately four miles north of the Lake Worth Inlet and one-half mile from the shore on a northwest course likely heading into the John D. MacArthur State Park (MacArthur Park).  Your affiant notes that MacArthur Park is open to the public 8:00 AM to sunset, after which it is closed to the public.  The TOI was observed operating without navigation lights and described as being approximately 25' in length with two outboard engines.  There were several people visible on the deck.

6.     The aforementioned agent continued to monitor the vessel as it traveled closer to the beach and observed additional people stand up on the deck who had apparently been concealed within the vessel. When the vessel neared the beach, all of the people on the vessel, with the exception of the boat captain, appeared to disembark from the vessel onto the beach at MacArthur Park which is located near 10900 A1A North Palm Beach, Palm Beach County, Southern District of Florida.  The agent monitoring the surveillance device notified another agent, who was conducting surveillance on foot at MacArthur Park, of the vessel and its location. The vessel went briefly out of the view of the surveillance device, and moments later reappeared traveling south at a high rate of speed.  Only the captain was visible as the vessel traveled south.

7.      The agent on foot was close enough to the vessel to observe people disembarking the vessel.  The agent was able to immediately apprehend one adult female as she attempted to flee the area.  This agent notified other agents that a large number of people disembarked the vessel and began to run in different directions away from the shoreline.

8.      An agent notified U.S. Border Patrol Sector Radio Communications (Dispatch) of the encounter and suspected migrant landing.   The Agent also requested that local law enforcement agencies be notified of the incident in order to assist with the suspected migrant landing.

9.      Officers from the Riviera Beach Police Department (RBPD), Palm Beach County Sheriff's Office (PBSO), and the North Palm Beach Police Department (NPBPD), responded and assisted the agents. A PBSO helicopter also responded to the location and assisted with the search for the suspected migrants.

10.     Agents responded toward the location of the landing and began to search the area. Agents observed an adult male standing on the beach just south of the location of where the vessel made landfall. Due to the male's proximity to the observed landing location, as well as the fact that the location where the male was encountered was located within the grounds of MacArthur Park and, as noted previously, is closed to the public in the early hours of the morning, the agents approached the subject and when they were within several feet of the subject illuminated him with their flashlights.  At the time of the encounter, the subject was holding a Florida Driver's license and saying that he had identification. The driver's license, which displayed a photograph of the subject, identified the subject as Tony ACREUS.

11.     An agent identified himself to the subject as a Border Patrol Agent and questioned ACREUS as to his immigration status.  ACREUS responded that he was a citizen and national of

Haiti and that he was Lawful Permanent Resident of the United States.  At the time of the encounter, the subject was not in possession of any immigration documents, and the agents observed that the clothing on the subject was wet/damp at the time of encounter indicating that he had recently been in the water.

12.    ACREUS further stated that he was not one of the people that disembarked the vessel and that he was only on the beach because he was accompanying his girlfriend.  ACREUS said when the vessel made landfall, his girlfriend fled the area in an unknown direction and that he did not know of her whereabouts.  ACREUS stated that his car was located at the Ritz Carlton Hotel and continued to give contradicting statements regarding his girlfriend and why he was at the beach.   Your affiant notes that the closest Ritz Carlton Hotel is located approximately 19 miles away from MacArthur Park, in Manalapan, Florida.

13.    For the safety of those that may have traveled on the vessel, an agent asked the subject how he traveled to the United States and how many people were traveling with him, to include women and children.  The subject stated that he was a passenger on the vessel and that there were at least four (4) women and no children on the vessel who fled the area in an unknown direction.

14.    The Agent conducted an immigration records inquiry via Dispatch.  Dispatch advised that the subject was a citizen and national of Haiti who had been previously deported as an aggravated felon.

15.    With the assistance of the Palm Beach County Sheriff's Office helicopter and local law enforcement, Border Patrol Agent Reid and his K-9 partner were able to conduct a search of the area and apprehend and additional people who were hiding in the wooded area

adjacent to the beach within the immediate area of where the vessel made landfall on the beach. A total of eleven migrants were ultimately apprehended.

16.     All of the subjects were advised that they were in violation of 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, placed under administrative arrest and transported to the West Palm Beach Border Patrol station for processing.

17.     At the Border Patrol station ACREUS was advised of his <u>Miranda</u> warnings. ACREUS signed Form I-214 indicating that he understood his rights and waived his rights. ACREUS agreed to make a statement without an attorney present.   Thereafter, ACREUS admitted that he is a citizen of Haiti and that he had been previously removed from the United States.   ACREUS stated that he entered the United States by boat on April 16, 2013 around midnight.   ACREUS also said that he never applied for permission to reenter the United States after having been removed.

18.     ACREUS was enrolled into the DHS e3 Processing System wherein the ACREUS's biographical information, a photograph, and fingerprints were searched in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS).   The two systems check prior immigration and criminal history records based on input fingerprints.

19.     ACREUS was positive in both systems.   According to U.S. Immigration records, ACREUS was ordered removed on May 20, 2010, and was actually physically removed on January 8, 2013, from the United States to Haiti.

20.     A request was made to the National Records Center, Saint Louis, Missouri for ACREUS' Alien File A******202.   A Certificate of Non-Existence of Record was obtained from the U.S. Citizenship and Immigration Services, Royal Palm Beach, Florida and confirmed

that ACREUS did not obtain permission from the Secretary of Homeland Security to legally return to the United States after removal.

21.     On or about December 22, 2009, a judgment and conviction was entered after ACREUS pled guilty to Title 18, United States Code, Sections 1029(a)(1), 1029(c), and 2 (Fraud in Connection with Counterfeit Credit Cards or Other Access Devices), and Title 18, United States Code, Sections 371, 1029(a)(1), 1029(c)(Conspiracy to Commit Fraud in Connection with Counterfeit Credit Cards or Other Access Devices), in the Northern District of Florida, in Case No. 4:09cr21-002(SS).  ACREUS was sentenced to eighteen (18) months after pleading guilty. ACREUS was also given three (3) years of Supervised Released following incarceration. Pursuant to Title 8, United States Code, Section 1101(a)(43)(M)(i), a violation of 18 USC 1029(a)(1), 1029(c) and 2 is an aggravated felony.

WHEREFORE, on the basis of the foregoing, your affiant submits that probable cause exists to charge defendant Tony ACREUS with violation of Title 8, United States Code, Section

1326(a) and (b)(2), that is, Illegal Re-Entry into the United States After Deportation of an

Aggravated Felon.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 26TH DAY OF APRIL, 2013, AT
WEST PALM BEACH, FLORIDA.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No.   __13-8231-JMH__

**UNITED STATES OF AMERICA**

**vs.**

**TONY ACREUS,**

**Defendant.**
_____/

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United States
     Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

2.   Did this matter originate from a matter pending in the Central Region of the United States
     Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:   _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
John.McMillan@usdoj.gov
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777